UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSAH LAMONIA ROBINSON (#351891)

VERSUS                                              CIVIL ACTION

SID J. GAUTREAUX, III, ET AL                        NUMBER 11-75-RET-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 17, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSAH LAMONIA ROBINSON (#351891)

VERSUS                                                  CIVIL ACTION

SID J. GAUTREAUX, III, ET AL                            NUMBER 11-75-RET-DLD

<u>MAGISTRATE JUDGE'S REPORT</u>

Pro se plaintiff, an inmate confined at Allen Correctional Center, Kinder, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish Sheriff Sid J. Gautreaux, III, Det. Daniel Green, Det. Kathleen Natariang, Lt. Taylor, Det. Lawrence Cavalier and East Baton Rouge Parish District Attorney Hillar Moore. Plaintiff alleged that he was slandered when a report of his arrest was published in a local newspaper in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts

which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that Jambar Parker was arrested on March 24, 2006, for a crime which was committed on July 20, 1998. Plaintiff alleged that on February 1, 2007, he was also arrested for the July 20, 1998 crime and a detainer was lodged against him even though the witness to the crime only identified Parker as the assailant. Plaintiff alleged that he was slandered when the report of his arrest by East Baton Rouge Parish Sheriff's Department personnel was published in the local newspaper.

Injury to reputation, by itself is not a liberty interest protected under the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 1164-65 (1976); *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Signed in Baton Rouge, Louisiana, on February 17, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**